SUMMARY ORDER

Petitioner Ousmane Barry, a native and citizen of Guinea, seeks review of an October 22, 2008 order of the BIA affirming the October 25, 2007 decision of Immigration Judge (“IJ”) Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Ousmane Bairy, No. A 099 930 739 (B.I.A. Oct. 22, 2008), aff'g No. A 099 930 739 (Immig. Ct. N.Y. City Oct. 25, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). Thus, we “defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Substantial evidence supports the IJ’s adverse credibility determination which was based on: (1) the inconsistencies within Barry’s testimony and between his testimony and the registration card he submitted regarding when, where, and how he obtained his Union for Progress and Renewal (“UPR”) membership card; (2) the omission from his asylum application of any assertion that he participated in between ten and twenty UPR protests; and (3) the omission from his testimony of any assertion that guards jumped on him during interrogations, which was included in his asylum application. Although Barry correctly notes that his asylum application indicates that he was involved in a strike, that does not explain the omission of any assertion that he participated in ten to twenty protests. Contrary to Barry’s assertion that the IJ did not identify the mistreatment omitted from his application, the IJ specifically examined his explanation for the omission of any assertion that guards jumped on him. No reasonable factfinder would have been compelled to credit that or any of Barry’s other explanations. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). Finally, while Barry appears to argue that the discrepancies the IJ identified were too minor to support a credibility determination, under the REAL ID Act, which applies to Barry’s application for relief, “an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the ‘totality of the circumstances’ establishes that an asylum applicant is not credible.” Xiu Xia Lin, 534 F.3d at 167.
Taken as a whole, the IJ’s adverse credibility determination was supported by substantial evidence. See 8 U.S.C. § 1158(b)(l)(B)(iii); Xiu Xia Lin, 534 F.3d at 167. Therefore, the IJ properly denied Barry’s applications for asylum, withholding of removal, and CAT relief where the only evidence that he would be persecuted *671 or tortured depended on his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).